**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF NEW JERSEY**

1002 BROAD STREET
NEWARK, NEW JERSEY 07102

(973) 645-6347 Telephone
(973) 645-3101 Facsimile
(973) 297-4807 Facsimile

**RICHARD COUGHLIN**
FEDERAL PUBLIC DEFENDER

**CHESTER M. KELLER**
FIRST ASSISTANT

April 1, 2010

Honorable Katharine S. Hayden
United States District Judge
United States Post Office & Courthouse Building
50 Walnut Street
Newark, New Jersey 07101

                              Re: United States v. Joel Stevenson
                              No.10-114

Dear Judge Hayden:

      Please accept this letter, in lieu of a more formal request, in support of Mr. Stevenson's application for a modification of bail conditions pursuant to the Bail Reform Act, 18 U.S.C. § 3142. Specifically, Mr. Stevenson requests that the Court modify bail so as to remove the condition that required real property to be posted. Mr. Stevenson waives his appearance for purpose of the Court hearing regarding this matter scheduled for April 6, 2010.

**I. Background**

      Mr. Stevenson is charged in a multi-count Indictment with various charges relating to the operation of a corporation that purchased event tickets from Ticketmaster and other similar entities. On March 1, 2010, Mr. Stevenson appeared before the Honorable Michael Shipp for his initial appearance pursuant to Federal Rule of Criminal Procedure 5. The Office of the Federal Public Defender was appointed to represent Mr. Stevenson, who was ordered to be released pursuant to a $ 500,000 bond secured by the existing equity in property in Alameda County, California.

**II. Applicable Law**

      Title 18 U.S.C. § 3142(b) mandates pretrial release on personal recognizance or an unsecured appearance bond **unless** the court determines that "such release will not reasonably assure" the persons appearance or "will endanger the safety of any other person or the community". If the Court determines that a personal recognizance bond will not reasonably ensure appearance or will endanger any other person or the community, 18 U.S.C §3142(c) still mandates release

---

subject to certain specified conditions.  In this scenario, it is not required that a condition include the posting of property or cash.  Rather, other conditions such as the requirement of co-signors or third party custodians, can be considered.  The conditions must be the least restrictive conditions necessary to reasonably ensure the person's appearance and the safety of the community.  The provision that conditions "reasonably ensure" appearance and safety does not require a guarantee of appearance or safety.  See, *United States v. Orta, 760 F.2d 887, 890-92 (8th Cir. 1985)*; *United States v. Fortna*, 769 F.2d 243 ( 5th Cir 1985) *cert. denied*, 479 U.S. 950 (1986).  It requires an "objectively reasonable" assurance of community safety and the defendants appearance at future court proceedings. *Id.*

Facilitating the government's ability to collect on security is not a legitimate concern for a court setting release conditions.  *United States v. Frazer*, 772 F.2d 1451 ( 9th Cir. 1985).  Indeed, the practice of routinely requiring real property to secure a bond is considered to be in conflict with the admonition in 18 U.S.C. § 3142(c) which requires courts to impose the least restrictive conditions of release.  *United States v. Price*, 773 F.2d 1526 ( 11th Cir. 1985)

18 U.S.C. § 3142(g) sets forth the factors the Court shall take into account in making bail determinations.

### III. Applicable Facts

There is no risk of flight or danger to the community that exists with regard to Mr. Stevenson that should result in more than release pursuant to a personal recognizance bond.

Firstly, with regard the nature and circumstances of the offense,  there is no allegation that the instant offense involves violence, terrorism, minor victims, drugs, firearms, explosives or destructive devices. 18 U.S.C. 1342(g)(1)

With regard to the weight of the evidence, the instant case appears to be one of first impression. Whether the government can prevail in this case which alleges criminality in a scenario wherein the defendants openly operated a business in which they purchased event tickets on various web-sites, is hardly the "typical" government case that is overwhelming in terms of proofs. Notwithstanding the inclusion of wire fraud charges in the Indictment, it is submitted that the government will be similarly hard pressed to show, among other things, an "intent to defraud". 18 U.S.C. 3142(g)(2).

As far as the history and characteristics of Mr. Stevenson is concerned, the following is notable.  Mr. Stevenson is 37 years old with no prior involvement in the criminal justice system whatsoever.  He was born in California where he has lived his entire life.  His parents continue to reside in California.  He has three sisters, all of whom reside in California.  Although Mr Stevenson has traveled abroad, there is nothing about such travel that makes him a risk of flight.  Mr. Stevenson has been married since 2005.  His wife is employed as an attorney.  Mr. Stevenson has a history of stable employment.  He currently is employed by the Berkeley Electronic Press where his annual salary is $ 85,000. 18 U.S.C. 3142(g)(3)(A)

It is relevant to note that, as compared to the two co-defendants, Lowson and Kirsch,  Mr. Stevenson was not a owner or co-owner of the relevant company; "Wiseguys" .  Nor did Mr. Stevenson directly share in the profits of the company.  Rather, Mr. Stevenson was a salaried employee.  Also, Mr. Stevenson was well aware of the criminal investigation conducted by the government that existed over one year before charges were brought.  He did nothing to indicate that

he would take flight; to the contrary, he cooperated completely with the government in their investigation. When the case was indicted and scheduled for a court appearance in New Jersey, Mr. Stevenson purchased a plane ticket and arrived in New Jersey to answer these charges. This is not the conduct of a person who is a flight risk. Nor does Mr Stevenson's background evidence any type of flight risk. To the contrary, Mr Stevenson is eager to proceed to trial in this matter.

Mr. Stevenson, naturally, was never on probation or any other type of criminal justice supervision. 18 U.S.C. § 3142(g)(3)(B).

### IV. Conclusion

Given all these circumstances, it is clear that Mr. Stevenson should continue to be released on a personal recognizance bond without the posting of real property. Other conditions should include Pretrial Services supervision, travel restrictions and the surrender of passport and agreement not to seek other travel documents. If the Court finds that a personal recognizance bond will not reasonably ensure Mr. Stevenson's appearance, other conditions are available, absent the posting of real property, that will ensure Mr. Stevenson's future appearances. These conditions include a requirement that there be a co-signor and/or a third party custodian.

Thank you for your consideration of this matter.

Respectfully,

s/ John H. Yauch
John H. Yauch
Assistant Federal Public Defender

cc: Erez Liebermann, Esq
    Seth Kosto, Esq
    Michele Roman, PTS
    Joel Stevenson